United States District Court
Southern District of Texas

**ENTERED**

March 02, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PETROQUIP ENERGY SERVICES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-3143 |
| | § | |
| LATERAL COMPLETIONS LTD., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

On March 2, 2026, the parties argued Lateral Completions Ltd.'s motion to dismiss. For the reasons stated on the record, Lateral's motion to dismiss, (Docket Entry No. 62), is granted, without prejudice, and with leave to amend.

PetroQuip relied on paragraph 26 of its complaint to allege a trade secret. That paragraph provides:

> The final designs, methods, materials, and means of implementation developed for the dissolvable frac plug made the basis of the Licensing Agreement, constitute a trade secret, as they represent the confidential and proprietary product created from the Intellectual Property Rights granted by PetroQuip to Lateral under the Licensing Agreement. The foregoing was only achievable through the implementation and integration of all PetroQuip's Intellectual Property (as defined in the Agreement), including, but not limited to, its patented components, detailed engineering specifications, proprietary material formulations, manufacturing processes, testing protocols, and performance data.

(Docket Entry No. 64 ¶ 26). Although products designed and created through a company's own engineering and effort often readily qualify as a trade secret, *Reaux Med. Indus., LLC v. Stryker Corp.*, No. 3:09-CV-01582-M, 2012 WL 612534, at *2 (N.D. Tex. Feb. 27, 2012), this paragraph, without a little more, is insufficient.

PetroQuip's complaint does not "describe the trade secrets with enough clarity for 'defendants [to] understand how each claimed trade secret differs from information in the public

domain.'"  *VariChem Int'l, Inc. v. Riddle's Delhi & Chem. Serv. Co.*, No. 4:24-CV-1784, 2025 WL 816740, at *3 (S.D. Tex. Mar. 14, 2025) (quoting *UOP LLC v. Exterran Energy Sols., L.P.*, No. 4:21-CV-02804, 2021 WL 8016712, at *1 (S.D. Tex. Sept. 28, 2021)); *accord Well Cell Glob. LLC v. Calvit*, No. CV H-22-3062, 2024 WL 709657, at *5–6 (S.D. Tex. Feb. 21, 2024).  Nor does PetroQuip's complaint explain how its dissolvable frac plug "derives economic value from not being generally known."  *Wells v. Texas Tech Univ.*, No. 5:23-CV-060-H, 2024 WL 2967859, at *16 (N.D. Tex. May 7, 2024), *aff'd*, No. 24-10518, 2025 WL 673439 (5th Cir. Mar. 3, 2025) (per curiam), *cert. denied*, 146 S. Ct. 106 (2025).

PetroQuip does not "point to specificities that convey the unique capabilities of the" dissolvable frac plug that, by their secrecy, enable PetroQuip to compete in the market.  *WeInfuse, LLC v. InfuseFlow, LLC*, No. 3:20-CV-1050-L, 2021 WL 1165132, at *3 (N.D. Tex. Mar. 26, 2021).  PetroQuip's complaint does not, for example, detail the investments in time and resources to produce its dissolvable frac plug; allege that competitors could not independently design comparable dissolvable frac plugs, or only do so at great cost; or explain why its frac plug is of a higher quality, more cost effective, or otherwise unique.  *Compare Reingold v. Swiftships, Inc.*, 126 F.3d 645, 650 (5th Cir. 1997) (finding sufficient proof of a trade secret), *and Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 875 (5th Cir. 2013) (same), *with Providence Title Co. v. Truly Title, Inc.*, 732 F. Supp. 3d 656, 664–66 (E.D. Tex. 2024) (finding insufficient proof of a trade secret), *and Wells v. Texas Tech Univ.*, No. 24-10518, 2025 WL 673439, at *8 (5th Cir. Mar. 3, 2025) (per curiam) (same).

Because PetroQuip can likely include similar, or even more detailed, allegations in an amended complaint, Lateral's motion to dismiss is granted, (Docket Entry No. 62), without prejudice.  The parties must propose an agreed protective order by March 9, 2026.  PetroQuip must

2

amend its complaint by March 16, 2026.  It may file under seal portions of the complaint that it believes set out trade-secret information as subject to the forthcoming protective order.

SIGNED on March 2, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge